Lieghley, J.
The parties were in reverse order in the court below, and for convenience will be so mentioned herein.
The plaintiff, The Frisbie Company, filed its petition in the court of common pleas declaring in three causes of action that in three different. allotments it installed water pipes under contract with the defendant to repay it when the water rentals on each particular street should in any one year amount to ten per cent, of the cost of installation. The amount claimed in the three causes of action is $19,815.78. It bases .its express contract upon resolutions passed by the Water Board of East Cleveland to the effect that the proposal on the part of plaintiff to install water pipe on the several streets be accepted, provided the cost does not *329 exceed the village engineer’s estimate and the work is done subject to the approval of the engineer and inspectors of East Cleveland Village. It was further provided by resolution that when the water rentals of any line of pipe on any street thus constructed shall equal ten per cent, of the cost of •construction, the board will, if in funds, repay The Frisbie Company the cost of construction. The petition declares further that in pursuance of these resolutions and the permission 'granted pipes were laid in the years 1902 and 1903 on a number of streets at a cost in amount above stated; that in the year ending March 1, 1915, the water rentals received by the city from each of the separate systems aggregated a sum in excess of ten per cent, of the cost of installation; that the plaintiff duly tendered to the defendant a deed conveying.to the city all its interest in the said water systems so installed by it and requested payment as per resolutions of 1901 and 1902; and that the city council refused to pay plaintiff.
In the fourth cause of action it is claimed that the city had converted to its own use the water systems above referred to, installed by plaintiff on various streets in said city, and the right of recovery on the ground of conversion is claimed.
Trial was had below, and a jury waived, which trial resulted in judgment for plaintiff for the amount above stated. Error is now prosecuted to this court to reverse the same.
The first three causes of action are predicated upon an express contract with the city, as above claimed, to pay for the installation of said water *330 system when the rentals should amount to ten per cent, of the cost.
The powers of the board of trustees of the waterworks of villages are derived from and limited by Sections 2407 tp- 2435, inclusive, Revised Statutes of 1900. The defendant was a villáge at all times covered by the series of transaction's involved in this lawsuit. Section 2415, Revised Statutes, provides and grants power to the board of trustees to make contracts, and reads as follows: “Sec. 2415. The trustees or board shall be authorized to make contracts for the building of machinery, water-works, buildings, reservoirs, and the enlargement and repair thereof, and the manufacture and laying down of pipe, and the furnishing and supplying with connections all necessary fire hydrants for fire department purposes, and keeping the same in repair, and for all other necessary purposes to the full and efficient management and construction of water-works.”
Section 2419, Revised Statutes, provides the rules and the manner and method whereby the trustées may enter into contracts, and reads as follows: *331 promptness, and fidelity; and if such be not the . case, the trustees may award the contract to the next lowest bidder, or decline to contract, and advertise again.”
*330 “Sec. 2419. The trustees or boardj before enter-, ing into any contract for work to be done; the estimated cost of which exceeds five hundred dollars, shall cause at least two weeks’ notice to be given, in one or more daily newspapers of general circulation in the corporation, that proposals will be received by the trustees, for the performing of the work specified in such notice; and the trustees shall contract' with 'the lowest bidder, if in their opinion he can be depended on to do the work with ability,
*331 As we understand it, the board of trustees had only such power to make and enter into contracts, and may only enter into contracts in such manner as the statute gives and provides.
Quoting from Ravenna v. Penna. Co., 45 Ohio St., 118:
“Municipal corporations, in their public capacity, possess such powers and such only, as are expressly granted by statute, and such as may be implied as essential to carry into effect those which are expressly granted.”
To the same effect is State Board of Health v. Greenville, 86 Ohio St., 1, 24.
At the time the -resolutions were passed by the village the streets through which and into which the plaintiff sought permission to- extend water pipes had not yet been dedicated to the village, and were at the time the property of the plaintiff. It is claimed that' said .section has reference only to cases in which the municipality is doing the work. It is urged that the streets being the property of plaintiff at the time avoided the necessity of competitive bidding. A number of cases are cited by counsel in which the necessity of competitive bidding was obviated, but an examination of these authorities will disclose the fact that the reasons assigned therefor were- either that the subject-matter of the work was such that competitive bidding was impossible, or impracticable because of its artistic nature, or was monopolistic, *332 or rested upon the use of some exclusive patent or franchise or sole source of supply. We do not think this doctrine 'has any application to the situation in the case at bar, for the laying of water pipes i5 not included within either of the actions referred to.
We are of the opinion that express contracts for the doing of the work and the payment therefor under such circumstances as are claimed in this case can only be accomplished to make the same binding upon both parties by a strict compliance with the .statutes, particularly the two sections above quoted. (Newton v. City of Toledo et al., 18 C. C., 756, affirmed without opinion, 52 Ohio St., 649.) We quote propositions 1 and 3 of the syllabus of the case just cited:
“(1) Sec. 2419, R. S., defining the powers of water works trustees, which by the act of January 22, 1889 (86 O. L., 7), is made applicable to the Trustees of the Natural Gas Works of Toledo, provides that ‘the trustee or board, before entering into any contract for work to be done, the estimated cost of which exceeds $500, shall cause at least two weeks’ notice to be given in one or more daily newspapers of general circulation in the corporation’ : Held, that the word ‘work’ in this statute includes material to be furnished; that a contract for the purchase by the Toledo Gas Trustees of pipe already manufactured and on hand, without advertising for bids therefor, was not in conformity with the requirements of sec. 2419, R. S., and can not be enforced against the city.”
“(3) Although under sec. 2415, R. S., the gas trustees of Toledo, the same as water works trus *333 tees, are empowered to make contracts, such power must he taken with the limitations prescribed by-secs. 17 and 2702, R. S., and they can not enter into a contract without a fünd applicable for the purpose provided for by tax, assessment or otherwise, nor until a certificate of the city clerk is furnished that the money required is in the treasury, and the city is not bound by contracts made in disregard of these provisions of the statute.”
Something is said in the petition to the effect that the village had established a custom of securing extensions to its waterworks system in accordance with the method set forth in the petition in this case, and some reliance was placed upon this custom in the argument before us. However, we do not understand that custom can create a right or liability where none otherwise exists. Quoting from the syllabus of Thomas v. The Guarantee Title & Trust Co., 81 Ohio St., 432:
“Usage or custom cannot create a contract or liability, where none otherwise exists. A usage or custom can only be used to explain, or aid in the interpretation of, a contract or liability existing independently' of it. It cannot be permitted to contradict or vary the express terms of a contract, nor to vary the legal import thereof.”
It was further urged that the resolutions of the board of trustees were not contracts, yet in the petition those same resolutions are -relied on as creating the contract sued on. The resolutions constitute the acts and -only acts of the village upon which the right of recovery rests. In this manner the failure to. observe the requirements imposed by statute upon the letting of a contract for work *334 is evaded. If the board of trustees by the proceed- - ings had in this case did impose upon 'the village, now city, of East Cleveland the obligation to pay for the installation of these water systems, then a c'lever scheme and plan has been conceived whereby the requirements of the statute may be omitted. • The board of trustees might very well provide in' this manner for the extension of water pipes throughout the entire territory within the village, limits and have the same constructed without competitive bidding, and a decade or more later the inhabitants be obligated to pay without the requirements of any of the statutory safeguards having been complied with at the time the obligation was incurred. We do not think that the board of trustees should be or can be permitted to do indirectly what the statute would forbid its doing directly.
It was said in argument that the plaintiff was never paid for the pipe installed. A deed in evidence discloses a provision therein to the effect that the plaintiff would cause water to be supplied to the residents on the street. It may be true that the cost of installation was not figured into the selling price of the lot, but it is equally true that each purchaser undoubtedly thought he was buying and paying for water pipes when he bought ■the lot, and undoubtedly thought that the cost - thereof was included- in the price paid.
The fourth cause of action is based upon conversion. It is admitted that the pipes were installed and attached by the plaintiff 'to the waterworks system, of defendant. It did so with- the permission of the defendant, and did so upon the *335 condition that the same should 'be installed subject to the approval of the engineer and inspectors of the village. The pipes so laid became a part of the waterworks system of the village, under the circumstances of this case. Upon what theory conversion thereof may be claiméd we are unable to understand. When the plaintiff installed the pipes and dedicated the streets to the village, with the pipes made a part of the village water system, plaintiff must recover upon an express contract the cost of installation, or has no cause of action at all If the plaintiff has no valid contract as a basis for recovery, it has no claim to the pipes and no recovery can be had against the village for the value of the pipes. Court's will leave the parties where they placed themselves. Buchanan Bridge Co. v. Campbell et al., Commissioners, 60 Ohio St., 406.
There can be no recovery from the village upon a basis of an implied contract or on quantum meruit. City of Wellston v. Morgan, 65 Ohio St., 219, and McCormick v. City of Niles, 81 Ohio St., 246.
We are of the opinion under the facts of this case that the plaintiff did not have a legal, binding contract, made according to law with the defendant; that in order to make a binding contract of the character herein claimed the sections of the statutes quoted must be complied with, and a failure to comply therewith, which is admitted in this case, causes the transactions to fall far short of a' legal contract. We understand that these sections must be complied with in all matters involving the construction or extension of a waterworks system, *336 and the only exceptions thereto are, perhaps, items of cost of operation. These statutes are the safeguards imposed 'by the legislature for the protection of the taxpayers and citizens of a municipality. City of Lancaster v. Miller, 58 Ohio St., 558, 575.
But the claim is made that these pipes were to be paid for.by water rentals, the earnings of the water system. For the board to undertake to do so would be a mere subterfuge. One of two things would necessarily occur in order to do so: either water rentals would have been maintained at a special and excessive figure to produce the sum required, thereby indirectly taxing all the water users of the village, or the water rentals would now have to be so raised as to amount to an excessive rental for the sole object and purpose of paying the amount due under this alleged contract. The result would be the same under either procedure. The citizens would foot the bills by permitting the trustees to do indirectly what they are not permitted to do directly. The citizens of the village were entitled to have all the beneficial results of competitive bidding, if any, in the creation of an obligation imposed upon them for the construction or extension of their waterworks system.
We hold that the plaintiff has no express contract which is binding upon the village, now city, of East Cleveland, and that the judgment below is contrary to law; and the same is reversed.

Judgment reversed.

Grant and Carpenter, JJ., concur.